```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>DARRYL CLEAVES,<br><br>      Defendant. | Cv. No. 03-2681-B/P<br>Cr. No. 99-20079(G) |

```
         ORDER DENYING MOTIONS TO ALTER OR AMEND
                          AND
    ORDER REITERATING DENIAL OF CERTIFICATE OF APPEALABILITY
                          AND
       CERTIFICATION THAT APPEAL IS NOT TAKEN IN GOOD FAITH
```

Defendant Darryl Cleaves, Bureau of Prisons inmate registration number 15087-076, an inmate at the Federal Correctional Institution (FCI) in Memphis, filed a pro se motion under 28 U.S.C. § 2255, seeking to set aside his conviction for violating 21 U.S.C. § 846. On September 19, 2006, the Court denied the motion, denied a certificate of appealability, and certified, pursuant to Fed. R. App. P. 24(a), that an appeal would not be taken in good faith. The judgment was entered on September 27, 2006. On October 3, 2006, Defendant filed a "motion requesting reconsideration" which the Court construes as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A party should be afforded relief from a judgment pursuant to Fed. R. Civ. P. 59(e) under only limited circumstances:

> [R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable

>
> evidence. Third, the motion will be granted if necessary to prevent manifest injustice. . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.
>
> The Rule 59(e) motion may not be used to relitigate old matters, or present evidence that could have been raised prior to the entry of judgment. Also, amendment of the judgment will be denied if it would serve no useful purpose.

11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995) (footnotes omitted); see Nagalingam v. Wilson, Sowards, Bowling & Costanzo, No. 00-5453, 2001 WL 493392, at *2 (6th Cir. May 1, 2001). The issues raised by Cleaves do not fit within this framework. Cleaves merely restates and amplifies points made in his original motion. This Court's previous order of dismissal addressed these issues at length. The motion for reconsideration presents no grounds for relief and is DENIED.

The Court reiterates, for the reasons expressed in this order and the previous order of dismissal, a certificate of appealability is denied and as any appeal is not taken in good faith, defendant may not proceed on appeal in forma pauperis.[1]

IT IS SO ORDERED this 23rd day of October, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1] The fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.